CASE 69—PETITION ORDINARY—JANUARY 12.

# Severance v. Kelly.

### APPEAL FROM MARION CIRCUIT COURT.

COUNTY CLERKS—COLLECTION OF LICENSE FEES.—Under the revenue law of 1886, the county clerk and not the county judge is the proper person to collect the license fees for retailing spirituous liquors, and to receive the commission thereon.

ROUNTREE & LISLE FOR APPELLANT.

Fees for issuing liquor license are to be collected by the county clerk, and not by the county judge. (Gen. Stat., p. 682, sec. 7; Gen. Stat., pp. 302, 199, 307, 1007; 13 Bush, 306, Williams v. Commonwealth.)

S. A. RUSSELL FOR APPELLEE.

It is now the duty of the county judge and not the duty of the county clerk to collect fees for liquor license. (Acts Gen. Assembly, approved May 17, 1886, pp. 140 to 202, vol. 1, Acts 1885-86.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

This is a controversy between the appellee as county judge and the appellant as county court clerk, each contending that he is the proper person, under the revenue law of 1886, to collect the license fees for retailing spirituous liquors, and receive the commissions thereon.

Section 1, article 5 of chapter 92 of the General Statutes provides: "All licenses mentioned in this article, except licenses to sell by retail spirituous, vinous or malt liquors, shall be granted by the county clerk; and licenses to sell by retail spirituous, vinous or malt liquors, shall be granted by the county court." * * *

The next section fixes the amount of the license tax. It is urged on behalf of the county judge that the

law restricts the power of the county clerk, by forbidding the grant by him of a license to retail liquor ; and that as the work must be done by the county judge, that he should receive the license fee and get the commission. The question must be determined by arriving at the legislative intention to be gathered from the other provisions of the law. In considering it, however, it is proper to keep in mind that, prior to the enactment of the present law, the county clerk granted certain licenses, but the power was vested in the county court in its discretion to grant licenses to retail liquor, and the clerk received the tax. The present law does not say that the county judge shall grant the license ; but the county court. It does it after hearing and upon a judicial finding. It should not be presumed that the Legislature has so framed the law as to hold out an inducement which might, in some instances, influence the court's action. In fact it seems to have guarded against this, because section 11, article 17 of chapter 28 of the General Statutes, provides that the presiding judge of the county court shall be paid for his services in holding his courts out of the county levy, the allowance to be made by the court of claims.

Turning now to the other provisions of the revenue law, we find it provided in section 13, article 5 of chapter 92 of the General Statutes : "The clerk shall, by the last of December in each year, report to the Auditor an abstract of the licenses granted by him *and by the county court, stating the amount of tax paid to him*, and also the amount of other public moneys received by him for taxes or otherwise. The amount so

paid and received shall be accounted for as other revenue.''

Section 15 says: '' Clerks shall be allowed upon a settlement with the Auditor three per cent. commission on all taxes or revenue collected by them.''

Section 5, article 8: ''Each circuit and county clerk shall make out an account of all taxes and other public money received by him up to the first day of each circuit court, and said report shall show in detail of whom said moneys were received, for what, and when received, and shall be verified by him and entered of record; and he shall pay over to the trustee of the jury fund so much thereof as the court may, by order, direct as being necessary for the payment of the jurors, and the original account certified, with the order of court, shall be transmitted with the balance of the fund to the Auditor. The clerk shall be allowed five per cent. commission on said sums reported by him, which may be deducted before paying over the money aforesaid.'' * * *

Section 11: ''Clerks of county courts shall also report (to the circuit court at the fall term) the names of all persons to whom they or the county court has issued licenses under any law of this State, showing the date, for what granted, amount of tax paid therefor, and to whom paid; which report shall be examined and approved by the county judge, recorded by the clerk of the circuit or criminal court, and certified to the Auditor.''

Section 12: '' It shall be the duty of the clerks of the circuit and county courts, and of the trustees of the jury fund of this Commonwealth, to keep a well bound

book in their offices, in which they shall enter, at the time it is receivable, or when received, all taxes or other moneys received by them for the Commonwealth, showing of whom received, on what account, amount and date; which book shall at all times be open to public inspection."

Considering all of these provisions, and the entire law, it seems to us that the Legislature intended that the license fee for retailing liquors should be paid to the county clerk. The statute fixes his commission for receiving and paying·out the fund realized from license taxes. In speaking of the pay for so doing the county judge is not named. It requires the county clerk to report to the Auditor "an abstract of the licenses granted by him and by the county court, stating the amount of tax paid to him."

If the county judge has the right to receive the license fees for selling liquor, then there is no provision in the statute requiring him to account to the Auditor or any one for them.

The county clerk is required to report to a superior court the licenses granted, and the amount received therefor; and this report must be· *examined and approved by the county judge*, and certified to the Auditor. He must also keep an account of them in a book to be kept in his office, it to be open at all times to public inspection.

There is no provision in the law requiring the county judge to make any report as to any such fees. No one examines or approves any report by him, and he is not required to keep any account of any such fees. Surely this would not be so if he were authorized to receive them, because they often amount to a large sum.

The law has carefully guarded the matter as to the clerk. His official bond is certified to the Auditor, and if he fails to account for them he is responsible by a summary proceeding.

There is no provision of the law requiring the bond of the county judge to be so certified; and we see no reason for a selection of one person to collect certain license fees and another to collect others. The tax is paid upon the issual of the license, and this, in all cases, is done by the clerk.

One of the sections above cited, in speaking of the report required of the clerk to the fall term of the court, says "that he shall report to whom paid." This means that he shall state whether the money received by him has been paid to the Auditor or to the trustee of the jury fund under an order of court.

In view not only of the express provisions of the law, but of the safeguards provided by it as to the county clerk in connection with the collection of license fees, and the absence of any as to the county judge, it is plain that the clerk is the proper person to collect them when paid for the privilege of retailing liquor; and the judgment is therefore reversed, with directions to overrule the demurrer to the petition, and for further proceedings consistent with this opinion.